**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4721**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

DEDRIC LOUIS JOHNSON, a/k/a Big Boy,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.　J. Michelle Childs, District Judge.　(6:10-cr-00257-JMC-1)

Submitted:　April 25, 2013　　　　　Decided:　May 2, 2013

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.　Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dedric Louis Johnson was convicted by a jury in March 2011 of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine and marijuana and numerous associated substantive counts. He was sentenced to a mandatory term of life imprisonment based on two prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A) (2006). Johnson appealed. Prior to filing briefs, the parties filed a joint motion to remand for resentencing in accordance with the Fair Sentencing Act of 2010 (FSA). We granted the motion and Johnson's case was remanded to the district court. See United States v. Johnson, No. 11-4777 (4th Cir. Order entered October 20, 2011).

Johnson was resentenced in September 2012 to 120 months' imprisonment. He timely appealed. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying Johnson's motion to dismiss the indictment. Although advised of his right to file a pro se supplemental brief, Johnson has not done so.

Prior to trial, Johnson raised a pro se motion to dismiss the superseding indictment arguing that the statute referenced in it applied only to heroin, not to crack cocaine or

2

marijuana, with which he was charged. The district court properly denied Johnson's motion. Section 841 clearly includes cocaine base (crack) and marijuana within its penalty provisions. See 21 U.S.C. § 841(b); see also 21 U.S.C. § 812 (2006) (including cocaine (in all its forms) and marijuana in its list of "controlled substances").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED